**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MISSOURI COALITION FOR THE ENVIRONMENT, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. ARMY CORPS OF ENGINEERS; )<br>Defendant. ) | Case No. 1:13-cv-01259-RBW |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME TO ANSWER OR OTHERWISE RESPOND**

Comes now plaintiff, and for its memorandum in opposition to defendant's motion for enlargement of time to answer or otherwise respond states as follows:

1. Defendant allowed Enbridge Pipelines LLC to start construction of a pipeline through the state of Missouri in August, 2013.

2. Defendant has in its possession an estimated 20,000 pages of documents relating to Enbridge's application to construct the pipeline (according to defendant: see Def. Mot., p. 2).

3. Defendant's claim that it "has since made the decision at issue at the time of Plaintiff's original FOIA request and has elected to reconsider Plaintiff's original request" (Def. Mot., p. 2), is not a legally cognizable ground for an extension of time. Plaintiff filed its original requests on January 11, 2013, to three districts of the U.S. Army Corps of Engineers. Defendant is only prolonging its refusal to release documents, which is the heart of plaintiff's lawsuit: defendant will merely delay resolution of the issue if it is allowed a postponement of the filing of its Answer until December 1, 2013.

4. Defendant admits that it made a "blanket assertion of Exemption 5" of the FOIA, 5 U.S.C. §552(b)(5), claiming that plaintiff's request was entirely for documents that were privileged as being within the agency's "deliberative process" (Def. Mot. p. 2). Yet most of the documents plaintiff seeks were provided to the Corps by *Enbridge, the applicant, and cannot be part of the Corps' deliberative process*. Now defendant seeks time to assert other exemptions when it should have claimed any exemptions within 20 working days of plaintiff's January 11 requests.

5. Defendant has made no claim of prejudice if its motion for extension is denied. This is because its difficulty is of its own making. It admits that it has not reviewed the documents relating to the pipeline project more than eight months after plaintiff's original requests. Its review process can proceed as this litigation progresses. Allowing an extension would only compound the violations of the FOIA deadlines which are the subject of this lawsuit.

6. The defendant, U.S. Army Corps of Engineers, is deliberately thwarting federal law by unlawfully withholding documents necessary for the public to review the pipeline. The Corps is a federally funded agency that is required by the FOIA to be transparent to the public who fund it and whom it serves.

7. The granting of this motion would cause severe hardship to plaintiff by allowing the private company more time to build its pipeline even before *one (1)* document about the permitting process has been released to the public.

WHEREFORE, for the foregoing reasons, plaintiff requests this Court to deny defendant's motion for enlargement of time to file the answer.

/s/ Kathleen G. Henry
Kathleen G. Henry (Bar No. MO0001)
Great Rivers Environmental Law Center
705 Olive Street, Suite 614
St. Louis, Missouri 63101
(314) 231-4181
(314) 231-4184 (facsimile)
khenry@greatriverslaw.org

*Attorneys for plaintiff*

### Certificate of Service

I certify that on the 23rd day of September, 2013, I electronically filed the foregoing with the clerk of the court using the CM/ECF system which sent notification of the filing to the following:

John Gowell, D.C. Bar # 501185
Special Assistant U.S. Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 353-9895
John.Gowel@usdoj.gov

Attorneys for defendant

/s/ Kathleen G. Henry
Kathleen G. Henry (Bar No. MO0001)
Great Rivers Environmental Law Center
705 Olive Street, Suite 614
St. Louis, Missouri 63101
(314) 231-4181
(314) 231-4184 (facsimile)
khenry@greatriverslaw.org
*Attorneys for plaintiff*