UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MISSOURI COALITION FOR THE ENVIRONMENT, | ) ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) | Civil Action No. 13-1259 (RBW) |
| U.S. ARMY CORPS OF ENGINEERS, | ) ) ) |  |
| Defendant. | ) ) |  |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME TO ANSWER OR OTHERWISE RESPOND**

Defendant has moved for an extension of time to provide an answer or other response to Plaintiff's complaint until December 1, 2013, because Plaintiff's claim of an unlawful withholding is becoming moot, at least in part, as the Defendant's district offices are currently or will be shortly producing documents responsive to Plaintiff's FOIA request.  To the extent its claims are not moot, after Defendant completes its ongoing releases Plaintiff will be fully able to litigate any issues following production of the responsive documents subject to the FOIA.  As noted in Defendant's motion, allowing Defendant to be able to complete its FOIA release may significantly narrow the issues and possibly resolve this case without further litigation.

Plaintiff opposes this extension by stating that it will be harmed through Defendant's filing an answer or other response after production of the documents; however, Plaintiff makes only conclusory statements or claims of harm that do not flow from the timing of Defendant's response. Plaintiff states, "The granting of this motion would cause severe hardship to plaintiff by allowing the private company more time to build its pipeline even before one (1) document about the permitting process has been released to the public."  Pl. Opp'n at 2.  Plaintiff also

claims, "Defendant is only prolonging its refusal to release documents, which is the heart of plaintiff's lawsuit: defendant will merely delay resolution of the issue if it is allowed a postponement of the filing of its Answer until December 1, 2013." *Id*. at 1.

First, Plaintiff is plainly wrong. Defendant has produced documents to Plaintiff (and to other requestors) concerning the verification process at issue. Defendant unilaterally decided to reconsider its earlier withholding and has already begun producing documents to Plaintiff. *See* Def. Ex. 1, Letter to Great Rivers Environmental Law Center (dated Sept. 25, 2013).

Second, Plaintiff's allegation of harm does not follow from the production of documents or from the timing of Defendant's response to the complaint. The U.S. Army Corps of Engineers does not control Enbridge's ability to construct a pipeline, and the verification process at issue is much narrower than Plaintiff suggests. As Plaintiff acknowledges in her complaint, "[The Corps of Engineers] is charged, pursuant to Section 404 of the Clean Water Act, with regulating the discharge of fill material into the jurisdictional waters of the United States." Compl. ¶10. As noted in Defendant's original motion, the permitting and verification process regulated by the United States Army Corps of Engineers, pursuant to the Clean Water Act, authorizes "[a]ctivities required for the construction, maintenance, repair, and removal of utility lines and associated facilities in waters of the United States, provided the activity does not result in the loss of greater than 1/2 acre of waters of the United States." *See Ouachita Riverkeeper, Inc. v. Bostick*, 2013 WL 1449710 *2 (D.D.C. April 10, 2013). Plaintiff does not explain how the ability of Enbridge to construct the pipeline is affected in any way by the timing of Defendant's response to the complaint or even the production of documents.

Additionally, since the filing of Defendant's original motion there has been a lapse in government appropriations, which further necessitate an enlargement in this case. At the end of

the day on September 30, 2013, the appropriations act that has been funding the Department of Justice expired, meaning that appropriations to the Department lapsed.  The same is true for most Executive agencies, including the Defendant agency at issue here, the United States Army Corps of Engineers.  As of the date and time of this filing, Congress has not yet passed a continuing resolution or other legislation to fund the federal government after September 30, 2013.

Absent an appropriation, Department of Justice attorneys and civilian employees of the federal Defendant are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property."  31 U.S.C. § 1342.  While undersigned counsel anticipates that he will be likely be present during this time, the Defendant's employees responsible for processing Plaintiff's FOIA claims will not likely be available after this week.

Defendant has already produced, in part, the documents which Plaintiff alleges were wrongfully withheld.  The documents still being processed for release contain sensitive information, to include privileged information, information protected by statute (such as the National Historic Preservation Act, 16 U.S.C. § 470w-3, and the Archaeological Resources Protection Act, 16 U.S.C. §§ 470aa-470mm), and information whose disclosure could reasonable be expected to adversely affect the privacy and safety of individuals.  Careful review of the voluminous documents at issue here is being done, but requires  time.  Compelling Defendant to answer or otherwise respond at this point would only lead to prolonged litigation where issues are briefed and litigated piecemeal.  Defendant's requested approach allows for the consolidated consideration and adjudication of Plaintiff's claims, while giving Plaintiff timely access (following the government shutdown) to the documents which are the heart of Plaintiff's FOIA

claim, while allowing Defendant to appropriately protect the sensitive information contained in the documents.

Allowing the Corps of Engineers to complete this process will move this case much closer to resolution. Answering Plaintiff's complaint will have no appreciable effect on narrowing the issues present in this case because many of the 20,000 documents will be released following this review. For these reasons, the Defendant respectfully requests that the Court grant this Motion for an Enlargement of Time to Answer or Otherwise Respond.

                                       Respectfully Submitted,

                                       RONALD C. MACHEN JR., D.C. Bar #447889
                                       United States Attorney
                                       for the District of Columbia

                                       DANIEL F. VAN HORN, D.C. Bar #924092
                                       Chief, Civil Division

                                       BY:_____/s/_____
                                       JOHN J. GOWEL, D.C. Bar # 501185
                                       Special Assistant U.S. Attorney
                                       555 Fourth Street, N.W.
                                       Washington, D.C.  20530
                                       (202) 353-9895
                                       John.Gowel@usdoj.gov

                                       *Attorneys for Defendant*